# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *

TONY CAMPBELL,            *      No. 22-1130V

                  *

          Petitioner,   *      Special Master Christian J. Moran

                  *

v.                  *

                  *      Filed:  October 24, 2025

SECRETARY OF HEALTH   *

AND HUMAN SERVICES,   *

                  *

         Respondent.   *

* * * * * * * * * * * * * * * * * * * *

Diana Stadelnikas, MCTLaw, Sarasota, FL, for Petitioner;

Julia Collison, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pursuant to 42 U.S.C. § 300aa-15(e), petitioner has requested a total of $73,575.24 in attorneys' fees and costs. The undersigned tentatively found that petitioner requested a reasonable amount and was entitled to the nearly full amount requested. The undersigned anticipated making one deduction due to petitioner's failure to file a complete fee application because petitioner failed to submit an invoice from an expert. See Vaccine Rule 13(a)(1) (authorizing special master to

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

reduce a fee award). The undersigned allowed respondent an opportunity to comment.

Respondent objected to the hourly rate proposed by the expert, Jerry Spivak, a hematologist. On his invoice, Dr. Spivak sought compensation at a rate of $550 per hour for 16.5 hours of work. Exhibit 66. Respondent appeared to suggest that an appropriate rate of compensation might be $375 or $500 per hour. Resp't's Resp., filed Sep. 17, 2025.[2]

Petitioner replied with a lengthy memorandum, which is similar (but not identical) to memoranda petitioners' attorneys have submitted in support of experts' hourly rates. Primarily relying upon the Producer's Price Index ("PPI") for General Medical and Surgical Hospitals, petitioner defended Dr. Spivak's proposed rate of $550 per hour. With the submission of the reply, the motion for attorneys' fees is ready for adjudication.

Petitioner's attorney and attorney staff have requested hourly rates that are consistent with the rates previously awarded and/or reasonable. The number of hours is reasonable. Thus, the amount requested is reasonable except that counsel's oversight necessitated additional work from the undersigned and a corresponding deduction in the fees requested.

With respect to the hourly rate proposed by Dr. Spivak, a rate of $540.00 per hour is accepted as reasonable. Although the Secretary identified a fee request in which Dr. Spivak had requested $500.00 per hour, his work in that case was primarily performed in 2021. In contrast, his work in this case was primarily performed in 2024. When the PPI for General Medicine and Surgery is used to inflate the $500 rate, the result is approximately $540.00. This amount is a reasonable hourly rate for Dr. Spivak's work in 2024. The $10 per hour reduction in the expert's hourly rate causes a reduction of $165.00.

Petitioner is awarded **$72,290.24**. This amount shall be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

---

[2] Respondent's suggestion that $375.00 is a reasonable hourly rate is not supported by evidence. See Pet'r's Reply, filed Sep. 30, 2025, at 2; Gence v. Sec'y of Health & Hum. Servs., No. 22-0937V, 2024 WL 4792893, at *3 (Fed. Cl. Spec. Mstr. Oct. 21, 2024) (compensating expert at a rate of $750.00).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

        **IT IS SO ORDERED**.


                                       s/Christian J. Moran
                                       Christian J. Moran
                                       Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.